# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RICHARD B. FREEMAN,

       Petitioner,      :      Case No. 2:19-cv-4493

  - vs -                         Chief Judge Algenon L. Marbley
                              Magistrate Judge Michael R. Merz

OHIO DEPARTMENT OF
 REHABILITATION AND CORRECTIONS,

                                       :
       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Richard Freeman, is before the Court for decision on the merits. Freeman filed the Petition October 8, 2019 (ECF No. 1) and then replaced it as ordered (ECF No. 3). The case was originally referred to Chief Magistrate Judge Elizabeth Preston Deavers. When she ordered an answer, Judge Deavers provided a deadline for Petitioner to file a reply or traverse of twenty-one days after the Return of Writ was filed (ECF No. 4, PageID 80). The State Court Record (ECF No. 12) and Return of Writ were then filed by Respondent (ECF No. 13). Upon the filing of the return the undersigned, to whom the case reference was transferred to help balance the Magistrate Judge workload in the District, notified Petitioner that his reply was due not later than April 15, 2020 (ECF No. 14). No reply has been filed and in fact several filings mailed to Petitioner at the only address he has given the Court have been returned as undeliverable.

**Litigation History**

Freeman was indicted by a Union County grand jury on one count of receiving stolen property as a result of being found on July 18, 2017, in possession of a 2013 Honda Civic belonging to a used car dealership (Indictment, State Court Record, ECF No. 12, Ex. 1).  Freeman pleaded not guilty and the case proceeded to jury trial at which Freeman was found guilty.  He was then sentenced to eighteen months imprisonment (Judgment Entry, State Court Record, ECF No. 12, Ex. 4).  Freeman was represented at trial and sentencing by Attorney Joshua Peistrup who also filed a Notice of Appeal on freeman's behalf. *Id.* at Ex. 6.  However, new counsel, Perry Parsons, was appointed to prosecute the appeal (Appellant's Brief, State Court Record. ECF No. 12, Ex. 7).

The Ohio Third District Court of Appeals affirmed the conviction but remanded so that Freeman could be given credit for jail time served before trial.  *State v. Freeman*, Case No. 14-18-16 (3rd Dist. Feb. 25, 2019)(copy at State Court Record, ECF No. 12, Ex. 9).

Freeman then appealed *pro se* to the Supreme Court of Ohio, claiming that he had been denied his constitutional right to self-representation in the Marysville Municipal Court when originally charged with traffic offenses arising out of the same stop which resulted in the receiving stolen property case.  As noted by Respondent, the attorney whom Freeman sought to discharge in the municipal court did not follow the case to Common Pleas Court.  According to Freeman's Memorandum in Support of Jurisdiction, although the traffic tickets got transferred with the felony charge, they were dismissed on a Rule 29 motion at the conclusion of the State's case on the felony charges.

2

Freeman's sole ground for relief in the Petition is the one he raised in the Supreme Court of Ohio, to wit, that he was denied his constitutional right of self-representation when initially charged in the Marysville Municipal Court.

Respondent contends the Petition should be dismissed on the basis of procedural default in that Freeman did not raise this claim in the Third District Court on direct appeal (Return, ECF No. 13).  However, the Magistrate Judge believes the Court need not reach that issue because the Court lacks jurisdiction to consider Freeman's claim.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress.  *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated.  *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799).  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908);  *Capron v. Van Noorden*, 6 U.S. 126 (1804);  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)* (quoting *Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868))*. Even if the parties fail to address jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction." *Bonner v. Perry,* 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C.*

*v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)).

Federal habeas corpus jurisdiction depends upon the petitioner's being in custody pursuant to the judgment being challenged. When a sentence expires before a habeas petition is filed, the petitioner is not sufficiently in custody to invoke the federal habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488 (1989).  By Freeman's own account, he cannot have been in custody on the underlying traffic tickets after they were dismissed on his Rule 29 motion on August 20, 2018, during the felony trial (Trial Transcript, ECF No. 12-1, PageID 382).  It is difficult to tell from the State Court Record whether those two charges were pending even before that because they appear to have been ignored by the grand jury, but the charges were certainly not pending and resulting in Freeman's being in custody after August 20, 2018.

Since Freeman was not in custody on the traffic charges of which he complains when he filed his Petition in this Court, the Court does not have subject matter jurisdiction with respect to his claim.  The Petition should be dismissed without prejudice for lack of jurisdiction.

April 26, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to

4

make objections in accordance with this procedure may forfeit rights on appeal.